# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JERRAD ELLSBERRY, # 115934**                                          **PLAINTIFF**

v.                                          **CIVIL ACTION NO. 1:21-cv-377-TBM-RPM**

**LACHELLE ERICA CARTER, JACKI
PARDON, STONE COUNTY SHERIFF
DEPARTMENT, MATTHEW BURRELL,**
*and* **STONE COUNTY**                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court *sua sponte*. Pro se Plaintiff Jerrad Ellsberry ("Ellsberry") is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he brings this Complaint [1], pursuant to 42 U.S.C. § 1983, for claims stemming from his arrest and detention. After review of the record and relevant legal authority, the Court finds that Defendants Jacki Pardon and the Stone County Sheriff Department should be dismissed.

### I. BACKGROUND

Ellsberry is currently housed at the Central Mississippi Correctional Facility in Pearl, Mississippi, after being convicted of a probation violation. [12], pg. 3. His revocation was based on his pending charges from Stone County for manufacturing methamphetamine, generating hazardous waste, sale of controlled substances, and possession of a weapon by a felon. *Id.* at 1-3. Prior to his revocation, he was housed at the Stone County Regional Correctional Facility. [15], pg. 1; [1], pp. 2-3. Defendants are Stone County, its Sheriff's Department, jail employees Lachelle Erica Carter and Jacki Pardon, and Assistant District Attorney Matthew Burrell. [12], pg. 1; [1], pg. 1. Ellsberry challenges his criminal proceedings and time at the Stone County jail. *Id.* at 4-5.

Ellsberry claims that he was wrongfully arrested for the above charges on August 31, 2021. [15], pg. 1, [12], pp. 2-3. He alleges that officers did not have a search warrant for the residence where he was arrested, although he does admit there was a warrant for his arrest on a misdemeanor charge of telephone harassment. [12], pp. 2-3. Ellsberry maintains that he was falsely accused by the arresting officer and Stone County of "standing in the front yard with a bottle and a funnel in my hand cooking meth. She also gave this same testimony under oath at my revocation hearing. The judge revoked my probation and sent me to prison based off this officer's testimony." [12], pg. 3. The revocation occurred on November 8, 2021. [15], pg. 1. Further, he claims that the County has denied him a preliminary hearing on the substantive charges. [12], pg. 1.

As for conditions at the jail, Ellsberry complains that Carter, who is the Sheriff Department's Administrative Clerk, would not send him an application for a drug rehabilitation facility. [1], pg. 4. Ellsberry contends that the trial judge had "agreed to allow him to go to rehab" [1], pg. 7. Additionally, Pardon—the jail's law librarian—allegedly refused to provide Ellsberry with "legal research in aid of [his] defense" and copies of the documents filed in his underlying criminal case. [1], pp. 4, 18. This included a copy of the state procedural rule concerning preliminary hearings, the state constitution's Bill of Rights, and the affidavit that accompanied the search warrant in his case. [1], pp. 20, 24, 28. He was represented by counsel in the revocation and criminal action. [12], pg. 2; [1], pg. 7. Purportedly, it was Burrell, the prosecutor, who advised against providing Ellsberry the application and research. [1], pg. 5. According to Ellsberry, "several other inmates received applications by requesting them. . . . Burrell singled [Plaintiff] out and denied [him] the right to seek treatment even though it had not reached the part of the court

2

process that [i]nvolved him, thus discriminating against" Plaintiff. [12], pg. 1.

On November 22, 2021, Ellsberry initiated this civil action under Section 1983, alleging a wrongful arrest and incarceration, discrimination, and denial of access to courts. [12], pg. 1.; [1] pp. 1, 4-5. Stone County is additionally sued because it employs Carter and Pardon. [12], pg. 1.

## II. DISCUSSION

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. The statute provides that, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338)). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. The Court has permitted Ellsberry to proceed *in forma pauperis* in this action. [10]. His Complaint is subject to *sua sponte* dismissal under Section 1915.

Ellsberry brings his claims under Section 1983 against Pardon and the Stone County Sheriff

3

Department, among others. Ellsberry asserts a claim for a denial of access to courts against Pardon, and he sues the Sheriff's Department for wrongful arrest and incarceration.

**A. Jacki Pardon**

Ellsberry complains that Pardon—the law librarian—did not give him a copy of the state criminal rule of procedure regarding preliminary hearings, the Mississippi Constitution's Bill of Rights, and a copy of the affidavit that accompanied the search warrant in his case. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498, 52 L. Ed. 2d 72, 83 (1977). A "criminal defendant's right of access to the courts is not infringed if he is represented by counsel." *Haley v. Natchitoches Par. Det. Ctr.*, 602 F. App'x 1008, 1009 (5th Cir. May 12, 2015) (citing *Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir. 1981)). "As long as a criminal defendant is represented by counsel, he will be able to present matters for decision to the court through . . . his attorney." *Tarter*, 646 F.2d at 1014. Furthermore, to pursue a claim for denial of access to courts, Ellsberry must allege that Pardon "hindered his efforts to pursue a legal claim" that is "nonfrivolous." *Lewis v. Casey*, 518 U.S. 343, 351-53, 116 S. Ct. 2174, 2180-81, 135 L. Ed. 2d 606, 618-19 (1996).

The Fifth Circuit examined this issue in *Haley v. Natchitoches Parish Detention Center*. *Haley*, 602 F. App'x at 1009. Haley filed a § 1983 claim, alleging that a Sheriff and jail employees did not provide him a law library, which plaintiff allegedly needed in order to assist his criminal defense attorney. *Id.* at 1008-09. The court held, "Because Haley admitted that he was represented

4

by counsel in all his criminal matters at all pertinent times in question, his allegations do not state a claim that his right of access to the courts was violated." *Id.* at 1009.

Likewise, Ellsberry admits he was represented by counsel in the criminal proceedings. Therefore, Ellsberry was not entitled to a law library to pursue his criminal defenses. *Id.* Furthermore, he cannot show that Pardon hindered his ability in this respect. He does not explain why his attorney could not conduct the research or provide the copies. *Barnes v. Cerliano*, 258 F. App'x 631, 631 (5th Cir. Dec. 11, 2007) (no injury from lack of law library demonstrated where plaintiff "has not shown why a speedy trial challenge could not have been filed by his appointed counsel"). The denial of access claim is frivolous and fails to state a claim upon which relief can be granted.

**B. Stone County Sheriff's Department**

Ellsberry sues the Stone County Sherriff's Department. Its capacity to be sued is determined according to state law. FED. R. CIV. P. 17(b)(3). Under Mississippi law, a sheriff's department is not a separate legal entity capable of being sued; rather, it is considered an extension of the county. *Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006) (holding "sheriff's departments are not political subdivisions within the meaning of the [Mississippi Tort Claims Act]. Thus, the Sheriff's Department does not enjoy a separate legal existence, apart from [the] County."). *See also*, *Fisher v. Jackson Cty. Sheriff's Dep't*, 328 So. 3d 704, 718 (¶38) (Miss. Ct. App. 2021) (holding "even if Fisher had filed a section 1983 lawsuit, the proper defendant would have been the county . . . not the 'Jackson County Sheriff's Department'"). And Ellsberry has sued Stone County. The Stone County Sheriff's Department is not a proper party and should be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the claim against Defendant Jacki Pardon is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**IT IS FURTHER ORDERED AND ADJUDGED** that the claims against the Stone County Sheriff's Department are **DISMISSED WITH PREJUDICE** as frivolous. The remainder of this case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 1st day of June, 2022.

                                          TAYLOR B. MCNEEL
                                          UNITED STATES DISTRICT JUDGE