UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JERRAD ELLSBERRY                                                                                    PLAINTIFF

VERSUS                                                                  CIVIL ACTION NO. 1:21-CV-377-RPM

LACHELLE ERICA CARTER et al                                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Jerrad Ellsberry, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging various claims related to his confinement at the Stone County Regional Correctional Facility (SCRCF), where he was housed from August 31 to December 10, 2021. Doc. [1] at 5; Doc. [12] at 1. The Court conducted a screening hearing on January 17, 2023. Doc. [46]. By previous orders, Plaintiff's claims against Defendants Jacki Pardon and Matthew Burrell were dismissed. Doc. [16] [49]. LaChelle Erica Carter and Stone County are the sole remaining Defendants. In his complaint, Plaintiff alleges denial of medical care, false arrest/imprisonment, and denial of access to courts. Defendants Carter and Stone County have filed a motion for summary judgment. Doc. [59]. Plaintiff has not filed a response in opposition.

## Law and Analysis

### Standard of Review

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other

contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

**Denial of Medical Care**

Plaintiff alleges denial of medical care in that he was denied treatment for drug addiction and mental health issues. According to Plaintiff he was addicted to methamphetamine and suffered mental health problems. Doc. [46] at 13-14. The Court addressed this issue in some detail in its order of March 10, 2023, dismissing Defendant Burrell from the case. *See* Doc. [49]. In sum, the presiding circuit court judge approved Plaintiff's enrollment in a rehabilitation program around October 2021, but Plaintiff alleges that Defendants Burrell and Carter prevented him from participating in the program. As the Court found in its previous order, Plaintiff was

unable to participate in the program for a one- to two-month period. *Id.* at 2. Thus, the Court construes his claim as a delay in medical treatment.

To state a claim for damages for inadequate medical care under 42 U.S.C. § 1983, a prisoner must demonstrate that prison officials or other state actors exhibited "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Where a delay in medical treatment is the basis for a claim of inadequate medical care, the plaintiff must not only show deliberate indifference, but also that it resulted in substantial harm. *Easter v. Powell*, 467 F.3d 459, 461 & n. 2 (5th Cir. 2006).

At the hearing, Plaintiff testified that Defendant Carter told him that Matthew Burrell ordered her not to give Plaintiff an application to rehabilitation programs. Doc. [46] at 13, 25, 29. However, Plaintiff admits that he applied for and was accepted into a rehabilitation program while at SCRCF around September or October of 2021. *Id.* at 15, 28-29. Plaintiff's criminal docket reveals that he was accepted into a program on September 16, 2021. Doc. [31] at 2. Plaintiff apparently did not enroll in the program prior to the revocation of his probation and effective transfer to MDOC custody on November 8, 2021, less than two months later. Following his physical transfer to Mississippi Department of Corrections (MDOC) custody in December 2021, Plaintiff began participating in rehabilitation programs. Doc. [46] at 14.

Plaintiff possesses no constitutional right to participate in rehabilitative programs. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995) ("Prisoner classification and eligibility for rehabilitation programs ... are not directly subject to 'due process' protections."); *Abraham v Delaware Dep't of Corrections*, 331 F.App'x 929, 931 (3d Cir. 2009) ("Prisoners have no constitutional right to drug treatment or other rehabilitation."). Moreover, Plaintiff has not alleged a substantial harm

from the brief delay he experienced prior to entering the rehabilitation programs at MDOC. Based on the foregoing, the Court finds Plaintiff has failed to state a claim against Defendants with respect to his medical care claim.

**False Imprisonment**

Plaintiff alleges that the charges brought against him, which resulted in his arrest and confinement at SCRCF, were dismissed. Thus, he argues he was subjected to false arrest and/or imprisonment. It is unclear how this claim can be sustained given that Plaintiff's probation was revoked, and he was transferred from SCRCF to MDOC custody to serve a prison sentence. Doc. [46] at 8-9. At the time of the screening hearing before the undersigned, Plaintiff's appeal of the revocation order was pending. *Id.* at 9-10. Thus, his claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Regardless, he does not allege that Defendant Carter was in any manner responsible for the false arrest/imprisonment. Rather, he specifically blames the arresting officer, Candace Stewart, for the alleged constitutional violation. *Id.* at 9, 20-22. Stewart is not a defendant in this lawsuit. To the extent Plaintiff sues Defendant Carter for false imprisonment/arrest, he fails to allege any facts to support a claim against her; therefore, the claim should be dismissed.

**Denial of Access to Courts**

Plaintiff alleges he has been denied access to legal research. Prisoners have a constitutional right to meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998). This constitutional guarantee does not afford prisoners unlimited access to prison law libraries. *Id.* Before a prisoner may prevail on a claim that his constitutional right of access to

the court was violated, he must demonstrate that his position as a litigant was prejudiced by his denial of access to the courts. *Id.* at 230-31.

At the screening hearing, Plaintiff testified that SCRFC does not have a law library. Doc. [46] at 22. Rather, inmates make written requests to Jacki Pardon for legal research. *Id.* at 22-23. Plaintiff admits he had a criminal lawyer at the time of his confinement at SCRFC, but Plaintiff testified he wanted to conduct research on his civil case as well. *Id.* at 22. He alleges that Pardon did not do any research for him. *Id.* at 22-23. He also alleges that Defendant Carter failed to respond to his requests for legal research. *Id.* at 26. By previous order, the Court dismissed Pardon from the lawsuit based on the fact that Plaintiff was represented by a criminal attorney. *See* Doc. [16] at 4-5. To the extent Plaintiff alleges a denial-of-access claim related to the instant civil lawsuit, he has failed to allege any prejudice. Accordingly, he fails to state a constitutional claim.

**Stone County**

Plaintiff has named Stone County as a defendant. For Stone County to be held liable under § 1983, there must be "proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). With respect to the three claims discussed above, Plaintiff fails to allege an official policy or custom that was the "moving force" behind the alleged violations of Plaintiff's constitutional rights. At most, he alleges claims against Stone County employees. However, a county "cannot be held liable under § 1983 on a *respondeat superior* theory" for the actions of its employees. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978); *Burns v. City of Galveston*, 905 F.2d 100, 102 (5th Cir. 1990). Accordingly, Plaintiff has failed to state a claim against Stone County.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants [59] Motion for Summary Judgment is GRANTED, and that Plaintiff's claims against Defendants Carter and Stone County are dismissed with prejudice.

SO ORDERED AND ADJUDGED, this the 22nd day of August 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE